## Gordon's Appeal.

1. Where under the provisions of the Act of April 20th 1846, a purchaser, at an Orphans' Court sale, seeks to apply as a part of the purchase-money the amount of a judgment originally entered in another county, and which was transferred to the county where the sale was made by an exemplified copy, and it is alleged that the consideration for such judgment has failed, the issue to determine that fact can only be tried in the county having jurisdiction of the sale.

2. Where in a feigned issue no exception was taken, nor error assigned to the jurisdiction of the court which tried the issue, the fact that the Supreme Court affirmed the judgment in said issue does not imply that it thereby affirmed the jurisdiction of the court, and does not, for said reason, estop an application in the county that had jurisdiction.

March 2d 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Appeal from the Orphans' Court, of *Bucks county:* Of July Term 1878, No. 127.

Appeal of Cary L. Gordon, administrator of Stephen T. Gordon, deceased, from the decree of the court dismissing his exceptions to his own return of the sale of the land of decedent.

Stephen T. Gordon, who was a resident of Philadelphia, died seised of two tracts of land in Bucks county. He left a will that was proved in Philadelphia, and the person named therein as executor having renounced, letters with the will annexed were issued to Cary L. Gordon, son of the testator, January 24th 1871. On his application, the Orphans' Court of Philadelphia county, October 28th 1871, made a decree, authorizing him to raise, by the sale of the said real estate, the sum of $10,000 for the payment of debts. Security was given in $13,500. On the 2d day of November he presented his petition to the Orphans' Court of Bucks county, setting forth the proceedings and decree in the court in Philadelphia, and praying for the usual order of sale, which was granted. Subsequently he made return to the court in Bucks county that he had sold the real estate for $13,394 to George W. Tryon. The administrator was directed to give additional security, to be approved by the court in Philadelphia, which was done, and on the 22d of February 1872, the sale was confirmed nisi by the court of Bucks county. Tryon, the purchaser at the sale, filed a paper declaring

that he had purchased for Alonzo Gordon. The administrator then had prepared and executed a deed for the properties, and tendered the same to Alonzo Gordon, and demanded the balance of the purchase-money, the purchaser having paid at the sale the sum of $1326.75 only. The purchaser, however, refused to pay the balance of the purchase-money, alleging that he held a judgment against the property. It appeared that on November 29th 1869, a judgment had been entered in the District Court of Philadelphia county on bond and warrant of attorney, dated November 27th 1869, conditioned for the payment of $10,000 to Alonzo Gordon in one year. In consequence, the administrator petitioned the court in Bucks county to rescind the order confirming his sale, so made as aforesaid, for leave to amend his return, and for an alias order to sell. A rule was thereupon granted to show cause why the sale should not be set aside, returnable the second Monday of August 1872. August 12th Alonzo Gordon filed his answer, saying that he held the judgment above described against Stephen T. Gordon, and that a transcript had been entered in the Common Pleas of Bucks county, and that it was a lien on the real estate sold.

He also answered that there were other liens against the land. That the expenses, the mortgage and two judgments, amounting to $7175.20, were first payable out of the proceeds of sale, of which the respondent had paid $1326.75, balance, $5648.45, which he was ready and willing to pay on account of the purchase-money, and to give his receipt for the balance of such money on account of his judgment, said amount to be so receipted being $6092.30. That in accordance with the Act of 20th April 1846, he did, July 11th 1872, tender to the administrator $6000 and a receipt on account of his judgment for $6092.30, and demanded a deed, being more than the amount of the purchase-money and expenses and costs; which tender the administrator refused. The respondent in his answer further tendered said sum in cash, and said receipt for $6092.30 on account of his judgment of $10,000, and demanded his deed, and he further asked the discharge of the rule.

On November 8th 1872, the rule was argued in the court of Bucks county, and it was ordered that said rule be discharged, and that the purchaser should have till Nov. 28th 1872, to pay the administrator a sufficient sum to cover costs of conversion of the real estate and payment of all liens prior to that of the purchaser, and that the purchaser should give the administrator his receipt on account of his judgment, for an amount equal to the balance of the purchase-money, and also exhibit searches of the liens against the property, and the administrator was ordered to receive the cash and receipt, and amend his return in accordance with the order and state all the facts, and make his amended return to the first Monday of December 1872.

On December 14th 1872, the administrator filed his amended return stating the facts as to the sale, &c. That he had received of Alonzo Gordon $7326.75, which covered the commission, counsel fees, expenses and prior liens, and also received Alonzo Gordon's receipt for the sum of $5940.75 on account of his said judgment.

The same day the administrator filed exceptions in the Orphans' Court of Bucks county to his own amended report of sale ordered by the court, because: 1. The purchaser should not have retained $5940.75 on account of his judgment, for there were material facts in dispute concerning said judgment. That the said judgment was without consideration, and there was nothing due said Alonzo Gordon. That it was given by decedent as collateral security to secure payment of a draft. That Alonzo Gordon got back his draft, but had not satisfied the judgment. 2. Because Alonzo Gordon refused to pay counsel fees for trying the issue on said judgment.

The same day the court allowed exceptions to be filed and directed issues in the matter.

The questions to be tried were: Was the judgment given without consideration; or, if without a consideration, has it failed? Does Alonzo Gordon hold the judgment fraudulently? Is there anything due on the judgment, and if so, how much?

The case was put at issue as directed, and came on for trial at December term 1873, at Doylestown. December 8th 1873, the issues were stricken off by the court there, on the ground that the court of Bucks county had no jurisdiction.

The exceptions still depending, the Orphans' Court of Bucks county stated that they would hear an argument on them at the next court. January 20th 1874, the court ordered that the hearing of the exceptions filed to the special return should be continued until the second Monday of February 1874, to enable the exceptant to apply for an issue to determine the truth of the facts alleged in the exceptions to the return aforesaid, in the court having jurisdiction of the subject-matter, to wit, the Orphans' Court of Philadelphia county, and it was further ordered that unless such application should be made at or before the day aforesaid, the exceptions should be dismissed and the report confirmed.

On the 31st of January 1874, the administrator presented his petition to the Orphans' Court of Philadelphia, praying for issues.

On the 4th of April 1874, the Orphans' Court of Philadelphia county awarded the issues prayed for. Vide Judge Allison's opinion, published in 9 Phila. R. 350.

The cause was tried on the 12th and 13th days of February 1877, before Judge Finletter, in Common Pleas, No. 3, of Philadelphia county, and a verdict rendered for the plaintiff. Judgment having been entered thereon, a writ of error was taken thereto, but the same was affirmed. Alonzo Gordon then presented his petition to the Orphans' Court of Bucks county, setting forth that he was the

purchaser of the real estate so sold as aforesaia, reciting the proceedings hereinbefore mentioned, and praying for an order on the administrator to make a deed to him. Whereupon the Orphans' Court of Bucks county, on 6th of May 1878, made a decree, and directed "that the exceptions filed by Cary L. Gordon, administrater *cum testamento annexo* of Stephen T. Gordon, deceased, to the report of the sales of the real estate of said decedent to Alonzo Gordon be dismissed and the sales be confirmed, and Cary L. Gordon, administrator as aforesaid, is directed to make and execute and deliver to Alonzo Gordon a deed for the premises described in the order of sale and return thereto as set forth in the foregoing petition."

The administrator took this appeal, and alleged that the court erred, 1. In making the order of January 20th 1874, requiring an application for issues in Philadelphia county. 2. In the dismissal of his first exception. 3. In the dismissal of his second exception.

*E. K. Nichols, J. L. Dubois* and *F. Carroll Brewster*, for appellant.—The Orphans' Court of Bucks county entertained jurisdiction of the matter, had the control of the real estate of the decedent, granted authority to sell it, and had the exclusive power to approve or reject the sale, returned as having been made by the administrator. This jurisdiction, this authority and its attendant responsibilities, could be shared with no other tribunal.

The Orphans' Court of Bucks county were then clearly right in ordering the issues as they did. But it is submitted that they were equally in the wrong in subsequently striking the issues off. The court were wrong in their direction to the administrator to apply to the Philadelphia court. The Court of Common Pleas of Bucks county have the record of the lien which is in dispute. Its forum is the only one wherein to try the issue of lien, or no lien, raised in this case.

The Orphans' Court of Philadelphia county, in determining to order issues in this matter relied, as an authority, upon Brandt's Appeal, 4 Harris 343, which was wholly unlike this case. There the judgment was set aside for irregularity in the county in which it had been entered.

Here the issues raised were not as to whether the Philadelphia county judgment was irregular, but simply as to whether there had been a payment or settlement thereof. There was not a word alleged against the correctness or irregularity of the judgment at the date of its entry.

*G. & H. Lear*, for appellee.—When this court affirmed the judgment on the issues tried in the Philadelphia court, it, by implication, affirmed the jurisdiction of that court. Where a judgment is transferred to another county, under the Act of 16th April

[Gordon's Appeal.]

1840, the court of such county has no power over it, except for purposes of execution and satisfaction. It cannot inquire into its merits at all. The court in which the primary judgment was obtained can alone take any action operating on the judgment itself: King *v.* Nimick, 10 Casey 297 ; Brandt's Appeal, *supra.*

Mr. Justice MERCUR delivered the opinion of the court, May 3d 1880.

This contention arises under an application of the appellant as administrator of Stephen T. Gordon, to sell the real estate of the decedent situated in Bucks county. The application was made to the Orphans' Court of the county of Philadelphia, under the 32d section of the Act of 29th March 1832. It authorized the administrator to raise, by the sale of said real estate, the sum of $10,000, for the payment of debts. The Orphans' Court of Bucks county, on due application thereafter, ordered the sale. In pursuance of the order sale was made, and the return thereof confirmed nisi by the court. On tendering the deed to the purchaser he objected to paying in cash the whole amount of his bid ; but claimed, under the Act of 20th April 1846, that a part thereof should apply on a judgment he held against the decedent. It had originally been entered on bond and warrant of attorney, in the District Court of the county of Philadelphia, and transferred to the county of Bucks by exemplified copy. The appellant refused to make the application or amend his return of sale, and alleged facts denying the existing validity of the judgment. Thereupon the court directed an issue which was duly found. When it came on for trial, the court being of the opinion that a court in Bucks county had no jurisdiction, struck off the issues, and sent the administrator to the Orphans' Court of Philadelphia county. On application there the court awarded an issue. It proceeded to judgment in the Common Pleas of Philadelphia county, and was determined in favor of the plaintiff therein. It was affirmed in this court. The Orphans Court of Bucks county thereupon decreed that the appellant make and execute a deed to the purchaser, treating his judgment as a valid and subsisting lien, having first ordered the return of sale to be so amended as to require the appellant to accept the receipt of the purchaser in part payment of his bid.

Two questions arise on this record : 1. Had the Orphans' Court of Bucks county jurisdiction to try the validity of the lien claimed by the purchaser; if it had, the other is whether the appellant is estopped by the judgment in the issue tried in the Common Pleas in the county of Philadelphia ?

The Act of 29th March 1832, expressly declares the administrator shall in all cases make return of his proceedings in relation to such sale, to the Orphans' Court of the county in which the

real estate so sold lies, when, if the same be approved by the court, it shall be confirmed.   Thus exclusive jurisdiction, after the preliminary order made by the Orphans' Court of Philadelphia, in ordering, supervising and confirming the sale, was given to the Orphans' Court of the county of Bucks.   The Act of 20th April 1846, which provided for the administrator accepting the receipt of a purchaser who was a lien creditor, necessarily subjected the action of the administrator in regard thereto, to the same court. The act, therefore, declares the court shall determine, either by reference to an auditor or by directing an issue, as to the right of a purchaser to pay his bid, or any part thereof, by applying the same on his lien.   This necessarily restricted the action of the court to the limits of its own county in which ever way it proceeded.   If the facts alleged the irregularity of the original judgment, or denied the authority under which it was confessed, there might be some reason in holding, under King *v.* Nimick, 10 Casey 297, that the application to strike off the judgment should have been made in the Common Pleas of the county of Philadelphia. There was, however, no such allegation.   Conceding that it was fairly given and regularly entered, the offer was to show a subsequent failure of consideration, so that nothing was due thereon. This question in so far as it affected the sale in Bucks county, the Orphans' Court of Philadelphia had no jurisdiction to try.   The Orphans' Court of Bucks county therefore erred in striking off the issue which it had directed to be formed, and in ordering the return of the administrator to be amended before the validity of the lien was duly established.   Nor is the appellant estopped by the judgment of the Common Pleas of Philadelphia, and the affirmation thereof by this court.   We affirmed only the correctness of the charge and rulings on the trial.   No question of the jurisdiction of the Orphans' Court of Philadelphia was determined on the trial of the facts in that issue.   The only matters tried and determined were the disputed facts certified to be in the issue.   We understand the third assignment to involve not only the liability of the purchaser to pay the expenses of trying the issue, but also the expense of the administrator in trying the same.   So far as is shown by the record we see no cause why he should not be allowed those expenses.   This, however, can be determined more intelligently after the trial of the issue.   The several assignments are substantially sustained.

> And now, 3d May 1880, decree of 6th May 1878, reversed and set aside ; the amended report of sale set aside; the issue directed by the Orphans' Court of Bucks county reinstated, and a *procedendo* awarded.